## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Date: February 20, 2009

Courtroom Deputy: Nel Steffens
Court Reporter:   Adrienne Whitlow
Probation Officer:   Robert Ford

---

**Criminal Action No.**   08–cr–00287–REB

*Parties:*                                   *Counsel:*

UNITED STATES OF AMERICA,                    James Boma

    Plaintiff,

v.

2.  KENNETH J. SMITH,                        Douglas Price

    Defendant.

---

## SENTENCING MINUTES

---

**2:31 p.m.     Court in session.**

Appearances of counsel.  Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and F.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Mr. Price informs the Court that he has read and discussed the presentence report with the defendant.

Mr. Price identifies several persons seated in the gallery and asks that three be allowed

to testify on behalf of the defendant.

**2:38 p.m.** Defendant's sentencing witness, Dee Cunningham, called and sworn.

Direct examination by Mr. Price.

Mr. Boma declines cross examination.

**2:43 p.m.** Witness is excused.

Defendant's witness, Lynn Foster, called and sworn.

Direct examination by Mr. Price.

Mr. Boma declines cross examination.

**2:46 p.m.** Witness is excused.

Defendant's witness, Reverend Dennis Mose, called and sworn.

Direct examination by Mr. Price.

Mr. Boma declines cross examination.

**2:50 p.m.** Witness is excused.

Mr. Price makes a statement on behalf of the defendant, offers information in mitigation of his punishment, and comments on the probation officer's determinations and other matters affecting sentence.

Defendant is sworn.

Statement by the defendant.

Statement by Mr. Boma.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report (and addendum / addenda).
5. The advisory sentence guidelines.

6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, order of forfeiture, sentence, and orders.

The Court waives the requirement that a motion for a variant sentence must be filed in writing eleven days before sentencing. However, the Court notes that a sentence of probation is precluded by law.

**It is ORDERED as follows**:

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the defendant's oral motion for a variant sentence of probation is DENIED.

3. That the Government's Motion for Defendant to Receive the Third Level for Acceptance of Responsibility Under U.S.S.G. §3E1.1(b) (#115, filed January 20, 2009) is GRANTED.

4. That the Government's Motion for Sentencing Reduction Under the Provisions of §5K1.1, U.S. Sentencing Guidelines, and Title 18, United States Code, Section 3553(e) (#123, filed February 9, 2009) is GRANTED.

5. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment.

6. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, Kenneth J. Smith, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty-eight months**.

7. That on release from imprisonment, the defendant shall be placed on supervised release for a term of three years; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

8. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18

U.S.C. § 3583(d) and USSG §5D1.3(a).

9. That while on supervised release, the defendant shall comply with all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances.

10. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statue, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days of his release from prison, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall, at his expense, unless then indigent, shall undergo an alcohol and substance abuse evaluation, and thereafter, again at his own expense and directed by his probation officer, shall receive any treatment, therapy, counseling, testing or education prescribed by the evaluations or as directed by his probation officer or as ordered by the court;

11. That an Order of Forfeiture be entered under F.R.Crim.P. 32.2(b)(3) and 21 U.S.C. § 853(a)(1) and (a)(2) providing that the defendant shall forfeit to the United States of America the right, tile, and interest to the four items described in Count Two of the Indictment and in the Plea Agreement.

12. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3583.

13. That no fine is imposed.

14. That the defendant shall pay forthwith a special victim's fund assessment

>        fee of $100.00.

15. That the defendant may voluntarily surrender and report, at his expense to the institute designated by the Bureau of Prisons by **noon on May 22, 2009.**

16. That the court finds that the defendant is not likely to flee or be a danger to self or others and that bond is continued.

The Defendant waives formal advisement of appeal.

Court addresses defendant.

**3:28 p.m.    Court in recess.**

Total time in court:   00:57

Hearing concluded.